IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MIRIAH CRENSHAW,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | Civil Action No. 4:24-cv-01069-O-BP |
| § | |
| **PLAZA HOME MORTGAGE INC.,** § | |
| *et al.*, § | |
| § | |
| **Defendants.** § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Miriah Crenshaw ("Crenshaw") filed this civil case on November 1, 2024. ECF No. 1. On that same day, the case was preliminarily assigned to the undersigned under Special Order No. 3. ECF No. 2. Because the plaintiff paid the filing fee (ECF No. 2), she was responsible for serving the defendants with a summons and copy of the complaint in this case within ninety days as provided by Rule 4(c) of the Federal Rules of Civil Procedure. Although summons was issued, the docket reflects that the plaintiff has not served the defendants.

On November 4, 2024, the Court instructed Crenshaw that she was responsible for serving the defendants "within 90 days after the filing of the complaint." ECF No 6. After failing to meet this deadline, the undersigned *sua sponte* extended the deadline to serve the defendants until March 3, 2025. ECF No. 9. The Court reminded the plaintiff that if she did not serve the defendants with process by the deadline, the undersigned would recommend to United States District Judge Reed O'Connor that he dismiss the case without prejudice under Federal Rule of Civil Procedure 4(m). *Id.* To date, the record reflect that Crenshaw has not served the defendants or otherwise taken any action in this case other than filing the complaint.

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for [their] failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Despite receiving a *sua sponte* extension of the deadline to serve process and clear warnings that noncompliance could result in dismissal of the case under Federal Rule of Civil Procedure 4(m), Crenshaw did not comply with the Court's orders and serve process on Defendants. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must

identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 12, 2025.

*[signature: Hal R. Ray, Jr.]*

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE